**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN**

**MAGNA MIRRORS OF AMERICA, INC.**
a Michigan corporation,

         Plaintiff,

             vs.

**FICOSA INTERNATIONAL S.A.** a foreign corporation; **FICOSA NORTH AMERICA CORPORATION**, a Michigan corporation; **FICOSA NORTH AMERICA S.A. de C.V.**, a foreign corporation; and **FICO MIRRORS, S.A.**, a foreign corporation,

         Defendants.

Civil Action No. _____

Honorable: _____

DEMAND FOR JURY TRIAL

---

J. Michael Huget (P39150)
Deborah J. Swedlow (P67844)
Sarah E. Waidelich (admitted in New York; admission to W.D. Mich. pending)
HONIGMAN MILLER SCHWARTZ AND COHN LLP
130 South First Street, Fourth Floor
Ann Arbor, Michigan 48104
Tel: (734) 418-4254
Fax: (734) 418-4255
mhuget@honigman.com
bswedlow@honigman.com
swaidelich@honigman.com
*Attorneys for Plaintiff Magna Mirrors of America, Inc.*

---

**<u>COMPLAINT</u>**

Pursuant to Rule 7(a) of the Federal Rules of Civil Procedure, Plaintiff MAGNA MIRRORS OF AMERICA, INC. ("Magna Mirrors") hereby provides its Complaint against Defendants FICOSA INTERNATIONAL S.A., FICOSA NORTH AMERICA CORPORATION,

FICOSA NORTH AMERICA S.A. de C.V., and FICO MIRRORS, S.A. (collectively, "Ficosa" or "Defendants") for patent infringement.

## THE PARTIES

1. Plaintiff Magna Mirrors is a corporation organized and existing under the laws of the State of Michigan, having a registered address of 601 Abbot Road, East Lansing, Michigan 48823.

2. Historically, Magna Mirrors has also done business under the registered assumed names of "Donnelly Corporation" and "Magna Donnelly Corporation". In October 2002, a subsidiary of Magna International Inc. acquired all the outstanding shares of Donnelly Corporation. In 2003, Donnelly Corporation changed its name to Magna Donnelly Corporation. In 2008, Magna Donnelly Corporation changed its name to Magna Mirrors of America, Inc. For purposes of this Complaint, Magna Mirrors of America, Inc., Magna Donnelly Corporation and Donnelly Corporation will collectively be referred to as "Magna Mirrors".

3. Magna Mirrors is a leading designer and manufacturer of exterior and interior mirror systems for the automotive industry, and has a place of business in this jurisdiction at 5085 Kraft Ave. S.E., Kentwood, Michigan 49512.

4. Upon information and belief, Ficosa International S.A. ("Ficosa International") is a foreign business with its principal place of business in Barcelona, Spain, which has transacted business within the State of Michigan. Based on information and belief, Ficosa International, on its own and through its subsidiaries, imports, manufactures and supplies

infringing products and components in and into the United States, including within this Judicial District.

5.  Ficosa North America Corporation ("Ficosa NA") is a Michigan corporation with its registered address at 30870 Stephenson Highway, Madison Heights, Michigan 48071. Based on information and belief, Ficosa NA operates as a subsidiary of Ficosa International. Based on information and belief, Ficosa NA imports, manufactures and supplies infringing products and components in and into the United States, including within this Judicial District.

6.  Upon information and belief, Ficosa North America S.A. de C.V. ("Ficosa Mexico") is a foreign business with its principal place of business in Nuevo Leon, Mexico, which has transacted business within the State of Michigan. Based on information and belief, Ficosa Mexico operates as a subsidiary of Ficosa International. Further based on information and belief, Ficosa Mexico manufactures infringing products, which it imports into the United States, including within this Judicial District. Based on information and belief, Ficosa Mexico imports, manufactures and supplies infringing products and components in and into the United States, including within this Judicial District.

7. Upon information and belief, Fico Mirrors, S.A. ("Ficosa Spain") is a foreign business with its principal place of business in Barcelona, Spain, which has transacted business within the State of Michigan and in connection with Ficosa NA. Based on information and belief, Ficosa Spain operates as a subsidiary of Ficosa International. Based on information and belief, Ficosa Spain manufactures infringing products and components, which it imports into the United States, including within this Judicial District. Based on information and belief, Ficosa Spain imports, manufactures and supplies infringing mirror systems, assemblies and components in and into the United States, including within this Judicial District.

8. Upon information and belief, the Ficosa defendants collaborate to design, engineer, make, use, sell, offer to sell, validate, distribute and import automotive exterior rearview mirror systems, and assemblies and components thereof, for all types of vehicles in and into the United States, including within this Judicial District, including automotive exterior rearview mirror systems, assemblies and components that infringe Magna Mirrors's intellectual property rights.

## JURISDICTION AND VENUE

9. This action arises under the patent laws of the United States, Title 35, Sections 101 and 271, of the United States Code.

10. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

11. Upon information and belief, this Court has personal jurisdiction over the Defendants because they regularly and continuously engage in substantial sales and other business transactions in the Western District of Michigan, and have sold infringing products

and/or committed infringing acts in this Judicial District. Further, they have placed infringing products into the stream of commerce knowing and intending that this Judicial District was and is a likely destination of those products. This Court has personal jurisdiction over the Defendants because they have caused injury to Plaintiff in this Judicial District. Further, based upon information and belief, Defendants have substantial contacts with this forum as a result of pervasive business activities conducted within the State of Michigan and within this Judicial District, including but not limited to the selling or offering for sale of infringing automotive exterior rearview mirror systems, and assemblies and components thereof.

12.     Upon information and belief, this Court also has personal jurisdiction over Ficosa NA by virtue of it being incorporated or organized in Michigan and doing business in the State of Michigan.

13.     Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391 and 1400.

## BACKGROUND ALLEGATIONS

14.     Magna Mirrors has numerous patents in the United States relating to automotive exterior rearview mirror systems (and assemblies and components thereof) incorporating auxiliary curved mirror reflective elements that increase the rearward field of view of a driver of an equipped vehicle and that minimize and/or reduce the driver's blind spot.

### Patents-in-Suit

15.     On May 3, 2011, the United States Patent and Trademark Office ("PTO") duly and legally issued United States Patent No. 7,934,843 (the "'843 patent"), entitled "Exterior Sideview Mirror System." A true and correct copy of the `843 patent is attached as Exhibit A and is made a part of this Complaint.

16.     On March 6, 2012, the PTO duly and legally issued United States Patent No. 8,128,243 (the "'243 patent"), entitled "Exterior Sideview Mirror System." A true and correct copy of the `243 patent is attached as Exhibit B and is made a part of this Complaint.

17.     On March 6, 2012, the PTO duly and legally issued United States Patent No. 8,128,244 (the "'244 patent"), entitled "Exterior Sideview Mirror System." A true and correct copy of the `244 patent is attached as Exhibit C and is made a part of this Complaint.

18.     On April 3, 2012, the PTO duly and legally issued United States Patent No. 8,147,077 (the "'077 patent"), entitled "Exterior Sideview Mirror System." A true and correct copy of the `077 patent is attached as Exhibit D and is made a part of this Complaint.

19.     On September 18, 2012, the PTO duly and legally issued United States Patent No. 8,267,534 (the "'534 patent"), entitled "Exterior Rearview Mirror Assembly." A true and correct copy of the `534 patent is attached as Exhibit E and is made a part of this Complaint.

20.     On October 8, 2013, the PTO duly and legally issued United States Patent No. 8,550,642 (the "'642 patent"), entitled "Exterior Rearview Mirror Assembly." A true and correct copy of the `642 patent is attached as Exhibit F and is made a part of this Complaint.

21.     On November 26, 2013, the PTO duly and legally issued United States Patent No. 8,591,047 (the "'047 patent"), entitled "Exterior Sideview Mirror Assembly." A true and correct copy of the `047 patent is attached as Exhibit G and is made a part of this Complaint.

22.     On July 22, 2014, the PTO duly and legally issued United States Patent No. 8,783,882 (the "'882 patent"), entitled "Extended Field of View Exterior Mirror Element for

Vehicle."  A true and correct copy of the `882 patent is attached as Exhibit H and is made a part of this Complaint.

23.    On December 2, 2014, the PTO duly and legally issued United States Patent No. 8,899,762 (the "'762 patent"), entitled "Vehicular Exterior Sideview Mirror System with Extended Field of View." A true and correct copy of the `762 patent is attached as Exhibit I and is made a part of this Complaint.

24.    The United States Patents identified in Paragraphs 15 through 23 above are collectively referred to herein as the "Patents-in-Suit".

25.    The Patents-in-Suit are directed, *inter alia*, to automotive exterior rearview mirror systems incorporating auxiliary curved mirror reflective elements (and assemblies and components thereof).

26.    Magna Mirrors was the assignee of all right, title, and interest in the Patents-in-Suit throughout the period of the Defendants' infringement and is currently the assignee of all right, title, and interest in the Patents-in-Suit, including the right to bring and maintain this action with respect to the Patents-in-Suit.

**Ficosa's Infringing Activity**

27.    Magna Mirrors owns all rights, title and interest in the Patents-in-Suit.

28.    Based upon information and belief, Ficosa NA, Ficosa Mexico, Ficosa Spain, and Ficosa International design, engineer, make, validate, use, sell, offer to sell, and/or import in and into the United States automotive exterior rearview mirror systems incorporating auxiliary curved mirror reflective elements, and assemblies and components thereof, (including but not limited to the mirror reflective element in Fig. 1 below) that embody

one or more claims of each of the Patents-in-Suit ("Accused Products"), and Ficosa will continue to do so unless enjoined by this Court.



Fig. 1

29.  Defendants are manufacturers, distributors and marketers of automotive components, including automotive exterior rearview mirror systems, and assemblies and components thereof, for all types of vehicles, including but not limited to the mirror reflective element shown in Fig. 1.

30.  Based upon information and belief, Ficosa is making, using, selling, offering to sell, distributing, and/or importing Accused Products at least for or to the Ford Motor Company and General Motors Corporation.

31.  The Ficosa defendants are part of a sophisticated family of companies that is aware of the intellectual property rights of others in the relevant automotive industry. Upon information and belief, Ficosa regularly conducts searches for patents related to its products. Also based upon information and belief, and as reflected on the Ficosa website http://www.ficosa.com/wps/wcm/connect/ficosa/WebPublica_EN/Productos/ListadoGrupoProductos/RearViewSystem/, Ficosa has secured its own patents related to mirror assemblies for vehicles and is, therefore, knowledgeable and well aware of the patent

landscape among its competitors. Thus, a reasonable inference is that Ficosa is aware of the Patents-in-Suit. Magna Mirrors asserts that this reasonable inference is true.

32. Magna Mirrors prominently marks its automotive exterior mirror assemblies incorporating auxiliary curved mirror reflective elements with the `843 patent, the `243 patent, `244 patent, the `077 patent, the `534 patent, the `047 patent, the `882 patent, and the `762 patent. Thus, Magna Mirrors hereby asserts that there is a reasonable inference that Ficosa has had knowledge of one or more of the Patents-in-Suit prior to the filing of this Complaint. Magna Mirrors asserts that this reasonable inference is true.

33. At least as early as September 2012 and at least since the filing of this Complaint, Ficosa has had knowledge of the Patents-in-Suit and its infringement thereof. Magna Mirrors has had meetings with, and transmitted multiple email communications to, Ficosa NA's General Manager, Mr. Frederick Zicard, identifying the Patents-in-Suit and detailing Ficosa's infringement of Patents-in-Suit. Thus, Ficosa has had actual knowledge of the Patents-in-Suit, and of Ficosa's infringement thereof, prior to the filing of this Complaint.

34. Therefore, Ficosa has had knowledge of the Patents-in-Suit, and of Ficosa's infringement of the Patents-in-Suit, for years.

## COUNT I

## DIRECT INFRINGEMENT OF THE PATENTS-IN-SUIT
## (VIOLATION OF 35 U.S.C. §§ 101 AND 271)

35. Magna Mirrors repeats and re-alleges the allegations contained in Paragraphs 1- 34 above as if fully set forth herein.

36. Ficosa has, upon information and belief, made, used, offered for sale, imported, and sold in the United States, and continues to make, use, offer for sale, import and sell in and into the United States Accused Products that have never been licensed by Magna Mirrors to

any Ficosa entity. By making, using, offering for sale, importing and/or selling the Accused Products in and into the United States, Ficosa is infringing claims of the Patents-in-Suit under 35 U.S.C. § 271(a).

37. The manufacture, use, sale, offer for sale, and importation of Ficosa's Accused Products directly infringes at least one claim of each of the Patents-in-Suit. Plaintiff has suffered damages as a result of the infringing activities of Ficosa, and will continue to suffer such damages as long as those infringing activities continue.

38. On information and belief, the vehicles for which Ficosa supplies Accused Products include, but are not limited to, the Ford Focus, Ford Escape, Ford Transit, Buick Encore, and Ford Cmax.

39. With knowledge of the Patents-in-Suit, Ficosa continues to infringe claims of the Patents-in-Suit under 35 U.S.C. § 271(a).

40. Alternatively, if Ficosa asserts that it had no knowledge of the Patents-in-Suit prior to the filing of this Complaint, Ficosa was willfully blind to a competitor's patent rights.

41. It is reasonable to infer at least based on the facts set forth in Paragraphs 31-34 above, and because of Ficosa's knowledge of its infringement since at least September 2012, that Ficosa's conduct has been willful, wanton and deliberate. It is also reasonable to infer that Ficosa's actions have been objectively reckless based on the facts set forth in Paragraphs 31-34 above. The actions of Ficosa with regard to infringement of the Patents-in-Suit are willful such that Magna Mirrors is entitled to treble damages under 35 U.S.C. § 284. Despite any statement to the contrary, and upon information and belief, Ficosa will continue to infringe the Patents-in-Suit unless enjoined by the Court.

42.  Ficosa's infringement of the Patents-in-Suit has been intentional and willful, making this an exceptional case.

43.  Upon information and belief, Ficosa's infringement has resulted in damage to Magna Mirrors and will continue to do so unless enjoined by this Court.

44.  Magna Mirrors has no adequate remedy at law. Unless enjoined by this Court, Ficosa will continue such acts of infringement, causing Magna Mirrors to incur substantial and irreparable damage.

## COUNT II

## INDIRECT INFRINGEMENT OF THE PATENTS-IN-SUIT
## (VIOLATION OF 35 U.S.C. §§ 101 AND 271)

45.  Magna Mirrors repeats and re-alleges the allegations contained in Paragraphs 1- 44 above as if fully set forth herein.

46.  Claims of the Patents-in-Suit are directed to automotive exterior rearview mirror systems with auxiliary curved mirror reflective elements, and assemblies and components thereof. In order for these assemblies to provide the intended function, they are installed on a vehicle. Ficosa's Accused Products are, therefore, intended to be installed on or attached to vehicles; otherwise, the Accused Products are useless without infringing the Patents-in-Suit. Magna Mirrors asserts that this reasonable inference is true.

47.  On its website, http://www.ficosa.com/wps/wcm/connect/ficosa/WebPublica_EN/Productos/ListadoGrup oProductos/RearViewSystem/, Ficosa states that, as a market leader, it develops and produces rearview mirrors for all automobile manufacturers worldwide.

48.  The reasonable inference drawn from the facts set forth above is that Ficosa's Accused Products are a material part of the systems, assemblies and/or components claimed in the

Patents-in-Suit and that they are not a staple item of commerce. Ficosa's Accused Products have no use without infringing the Patents-in-Suit. Magna Mirrors asserts that this reasonable inference is true.

49. Ficosa knowingly and actively induces others to infringe, and/or Ficosa contributorily infringes claims of the Patents-in-Suit under 35 U.S.C. § 271(b) and/or § 271(c).

50. Based upon information and belief, Ficosa induces infringement by designing products to have infringing capability, by providing customers with the means to infringe, by instructing them how to infringe, and by providing support services to its customers regarding installation, validation and maintenance of the Accused Products. Ficosa does so with knowledge of the Patents-in-Suit, knowledge that its instructions and support services cause its customers to infringe the Patents-in-Suit, and with the specific intent to cause infringement.  As a non-limiting example, upon information and belief, Ford Motor Company and General Motors Company are customers of Ficosa for the Accused Products.

51. By their use of the Accused Products, Ficosa's customers and end users directly infringe claims of the Patents-in-Suit under 35 U.S.C. § 271(a). As stated above, upon information and belief, at least General Motors and Ford are customers of Ficosa for the Accused Products.

52. Based on the facts alleged above, it is a reasonable inference that Ficosa knew that its Accused Products were especially made or adapted for use to infringe the Patents-in-Suit.

53. It is reasonable to infer based on the facts set forth above in Paragraphs 31-34 that Ficosa knowingly and affirmatively intends to actively induce and contribute to the infringement

of the Patents-in-Suit under 35 U.S.C. § 271(b) and/or § 271(c). Magna Mirrors asserts that this reasonable inference is true.

54.     With knowledge of the Patents-in-Suit and knowledge that the acts it induces constitute patent infringement, Ficosa continues to induce infringement of the Patents-in-Suit.

55.     It is reasonable to infer based on the facts set forth in Paragraphs 31-34 above, and because of Ficosa's knowledge of its infringement since at least September 2012, that Ficosa's conduct has been willful, wanton and deliberate. It is also reasonable to infer that Ficosa's actions have been objectively reckless based on the facts set forth in Paragraphs 31-34 above. The actions of Ficosa with regard to infringement of the Patents-in-Suit are willful such that Magna Mirrors is entitled to treble damages under 35 U.S.C. § 284.

56.     Ficosa's infringement of the Patents-in-Suit has been intentional and willful, making this an exceptional case.

57.     Despite any statement to the contrary, and upon information and belief, Ficosa will continue to infringe the Patents-in-Suit unless enjoined by the Court.

58.     Upon information and belief, Ficosa's infringement has resulted in damage to Magna Mirrors and will continue to do so unless enjoined by this Court.

59.     Magna Mirrors has no adequate remedy at law. Unless enjoined by this Court, Ficosa will continue such acts of infringement, causing Magna Mirrors to incur substantial and irreparable damage.

## RELIEF REQUESTED

WHEREFORE, Plaintiff Magna Mirrors respectfully requests that this Court enter a judgment and order that:

A.      Ficosa has infringed one or more of the Patents-in-Suit;

B.      Ficosa's infringement of the Patents-in-Suit has been willful and deliberate;

C.      Ficosa and its officers, agents, representatives, employees and all others in concert or participation with them, directly or indirectly, be enjoined preliminarily and permanently from infringing, inducing others to infringe and contributing to the infringement of the Patents-in-Suit;

D.      Plaintiff Magna Mirrors be awarded damages adequate to compensate for Ficosa's infringement of the Patents-in-Suit together with pre-judgment interest pursuant to 35 U.S.C. § 284;

E.      This is an exceptional case and award Magna Mirrors its reasonable costs, expenses, and reasonable attorneys' fees, as well as treble damages in this action in accordance with 35 U.S.C, §§ 284 and 285; and

F.      Plaintiff Magna Mirrors be awarded such other and further relief as this Court may deem just and proper.

14

## JURY DEMAND

Plaintiff Magna Mirrors hereby requests a trial by jury on all issues so triable, pursuant to

Federal Rule of Civil Procedure 38.

Respectfully submitted,

HONIGMAN MILLER SCHWARTZ AND COHN LLP

By: /s/ J. Michael Huget
    J. Michael Huget (P39150)
    Deborah J. Swedlow (P67844)
    Sarah E. Waidelich (admitted in New York; admission to W.D. Mich. pending)
130 South First Street, Fourth Floor
Ann Arbor, Michigan 48104
Tel: (734) 418-4254
Fax: (734) 418-4255
mhuget@honigman.com
bswedlow@honigman.com
swaidelich@honigman.com

*Attorneys for Plaintiff Magna Mirrors of America, Inc.*

Dated: February 19, 2015